**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **SIGNAL NATIONAL LLC, et al.,** | Case No. 26-90190 (ELM) |
| *Debtors.* | (Jointly Administered) |

**OBJECTION OF SCOTT SIDELL TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) ENFORCING THE AUTOMATIC STAY, (II) DETERMINING THAT THE BANKRUPTCY COURT HAS EXCLUSIVE JURISDICTION OVER PROPERTY OF THE ESTATE DETERMINATIONS, AND (III) GRANTING RELATED RELIEF**

Scott Sidell ("Sidell"), a judgment creditor of 777 Partners LLC, by undersigned counsel, hereby submits this Objection to the *Debtors' Emergency Motion for Entry of an Order (I) Enforcing the Automatic Stay, (II) Determining that the Bankruptcy Court Has Exclusive Jurisdiction Over Property of the Estate Determinations, and (III) Granting Related Relief* (Dkt. 169; the "Motion"), and in support states as follows:

## INTRODUCTION

1. The Motion asks this Court to enjoin a hearing in a state-court case that Debtor 777 Partners LLC ("777") left seven weeks before any petition was filed. On May 27, 2026, the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (Ruiz, J.) entered an Order of Dismissal Without Prejudice disposing of all remaining counts against 777. That order predates the July 16, 2026 involuntary petition by fifty-one days and the August 9, 2026 voluntary petitions by seventy-four days. The Motion describes the Florida Litigation across seven paragraphs and never mentions it. Mot. ¶¶ 11–17.

2. The Motion's second premise is contradicted by the Debtors' own exhibit. The Motion asserts that "the Motion to Quash was filed by 777 because 777's attorney-client privilege —not Pasko's—is at issue," Mot. ¶ 16, and repeats the assertion at ¶ 25. The first sentence of the motion the Debtors attached as their Exhibit C reads: "Defendants, 777 Partners LLC ('777') and Steven Pasko ('Pasko'), through their counsel, move to quash . . . ." Both defendants filed it. Mr. Pasko, a non-debtor, is a movant on the very motion the Debtors say is not his.

3. The Motion's third premise fares no better. Paragraph 15 states that "Sidell does not dispute that the documents were privileged nor does he assert that the privilege has been waived." Sidell's Opposition, filed in the Florida Litigation on May 30, 2026, disputes the privilege at length — asserting the fiduciary exception, the necessity exception, and the crime-fraud exception, and asking the Florida court to require a threshold factual showing because the privilege logs are facially insufficient.

4. Strip away those three predicates and nothing remains. Section 362(a)(1) stays actions "against the debtor." The sole remaining defendant in the Florida Litigation is Steven Pasko, who is not a debtor. The subpoena recipient is Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., a law firm that is not a debtor. Section 362(a)(3) reaches acts to "obtain possession of property of the estate" or to "exercise control over property of the estate" — and the Motion concedes that whether the memorandum is property of the estate has not been determined. Mot. ¶¶ 22, 26. A stay violation cannot rest on an assumption the movant admits is unresolved.

5. Finally, the Motion's own authority defeats the Debtors' position in Florida. If, as the Motion says, "control of the privilege passed to the debtor in possession," Mot. ¶ 22, then the persons actually litigating the Motion to Quash in Florida — Mr. Pasko, who resigned from 777's management in May 2024, and the counsel appearing for him — hold no authority to assert it

either. The debtor in possession has never appeared in the Florida Litigation. Sidell does not object to the debtor in possession asserting its own privilege in a proper forum. He objects to a displaced manager doing so, and to this Court being asked, on eighteen hours' notice, to enjoin a hearing on a record the Motion misstates.

## RELEVANT BACKGROUND

6. Sidell states only what is necessary to correct the record and does not restate the Motion.

7. **777 was dismissed from the Florida Litigation on May 27, 2026.** The Florida court entered an Order of Dismissal Without Prejudice in *Sidell v. 777 Partners LLC*, No. 2025-006423-CA-01 (Fla. 11th Cir. May 27, 2026) (Ruiz, J.), disposing of all remaining counts against 777. A copy is attached as **Exhibit A**. Paragraph 3 of that order states: "Count IV, against Defendant Steven Pasko, exclusively, is not affected by the Motion or this Order." Count IV — breach of fiduciary duty against Mr. Pasko — is the only live claim in the Florida Litigation, and Mr. Pasko is its only defendant.

8. **The Motion to Quash was filed by both defendants.** The Debtors' Exhibit C opens as the motion of "Defendants, 777 Partners LLC ('777') and Steven Pasko ('Pasko'), through their counsel." One lawyer appears for both and filed on behalf of both. Paragraphs 16 and 25 of the Motion say otherwise, and the Debtors' own exhibit is the refutation.

9. **The privilege is disputed.** Sidell's May 30, 2026 Opposition, a copy of which is attached as **Exhibit B**, asserts the fiduciary exception — that as a member of 777 and a participant in the plan the memorandum addressed, Sidell was among the persons to whom the fiduciary duty ran — as well as the necessity and crime-fraud exceptions. It asks the Florida court, in the alternative, to require a supplemental privilege log and sworn affidavit identifying who

requisitioned the memorandum, in what capacity, to whom it was transmitted, and who paid for it, and to conduct an *in camera* inspection.

10. **The subpoena runs to a non-debtor.** The subpoena was issued to Stearns Weaver, a non-debtor law firm, under Fla. R. Civ. P. 1.351, and seeks a copy of a memorandum concerning the suspension of Sidell's plan benefits, together with transmittal communications. It does not seek possession of any original, does not divest any estate of anything, and does not require delivery of anything to Sidell in advance of a privilege ruling.

11. **Mr. Pasko resigned from 777's management in May 2024.** *See Order Granting Motion to Transfer Venue and Denying Motion to Stay Later-Filed Related Bankruptcy Cases*, *In re 777 Partners LLC,* No. 26-19312-PDR (Bankr. S.D. Fla. Aug. 24, 2026), Dkt. 52 ("Wander and Pasko resigned from management, over two years ago, in May 2024.").

12. **A Suggestion of Bankruptcy was filed in the Florida Litigation, and it states that the stay does not reach Mr. Pasko.** On July 17, 2026, Sidell filed a Suggestion of Bankruptcy in the Florida Litigation, after 777's counsel reviewed and approved the filing. Paragraph 4 states: "The automatic stay extends only to the alleged debtor. It does not stay this action as to Defendant Steven Pasko, who is not a debtor in any bankruptcy proceeding. Plaintiff's claims against Defendant Steven Pasko may proceed unaffected . . . ." Counsel for 777 and Mr. Pasko has never disputed that paragraph.

13. **777's counsel has taken the opposite position in another court.** In *Leadenhall Capital Partners LLP v. Wander*, No. 1:24-cv-03453 (S.D.N.Y.), counsel for the 777 entity defendants negotiated a stipulation, entered as an order by the district court on August 13, 2026, which provides: "For the avoidance of doubt, this stay does not apply to any other defendants." A copy is attached as **Exhibit C**. Mr. Pasko is a named defendant in that action. Four days later, his

own bankruptcy counsel advised that court that the stipulation "specifies that such a stay does not apply to any defendants other than the 777 Entity Defendants, including Mr. Pasko."

14. **The emergency is of the Debtors' own making.** The Motion was filed at 5:53 p.m. on August 24, 2026, seeking relief by noon on August 25, 2026. The Debtors' counsel sent a cease-and-desist letter on August 21, 2026, and then took no action for three days, even though counsel for Mr. Sidell informed counsel for Debtor's within minutes of his August 25, 2026 email that counsel disagreed that the stay applied to the Florida matter or the August 25, 2026 hearing.

## ARGUMENT

### I. THE AUTOMATIC STAY DOES NOT REACH THE AUGUST 25 HEARING BECAUSE 777 LEFT THE FLORIDA LITIGATION BEFORE ANY PETITION WAS FILED

15. Section 362(a)(1) stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case." 11 U.S.C. § 362(a)(1). The operative words are "against the debtor."

16. There is no action against 777 in the Florida Litigation to stay. 777 was dismissed on May 27, 2026 — fifty-one days before the involuntary petition and seventy-four days before the voluntary petitions. What remains is Count IV against Mr. Pasko, "exclusively," in the words of the Florida court's own order. The Motion to Quash was filed by Mr. Pasko as well as by 777, and the same counsel appears for him.

17. The Fifth Circuit has stated the rule plainly: "By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors." *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). "[S]ection 362 is rarely, however, a valid basis on which to stay actions against non-debtors." *Id. Accord GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir.

1985) ("By its terms the automatic stay applies only to the debtor, not to co-debtors . . . while the stay protects the debtor who has filed a bankruptcy petition, litigation can proceed against other co-defendants.").

18. Mr. Pasko is a non-debtor. Stearns Weaver is a non-debtor. No party has sought a discretionary extension of the stay to either under 11 U.S.C. § 105(a), and none has been granted. Section 105(a) authorizes orders "necessary or appropriate to carry out the provisions of this title"; it does not supply a stay that § 362(a) does not create, and the Debtors have made no showing that would support extending one to a former manager and his lawyers.

19. The Debtors' own affiliates have taken the opposite position elsewhere. As set out above and at **Exhibit C**, counsel for the 777 entity defendants stipulated in *Leadenhall Capital Partners LLP v. Wander* that the stay entered there "does not apply to any other defendants," and Mr. Pasko's own bankruptcy counsel confirmed to that court that the stay does not reach him. The Debtors ask this Court to hold the opposite.

## II. A SUBPOENA TO A NON-DEBTOR LAW FIRM FOR A COPY OF A DOCUMENT IS NOT AN ACT TO OBTAIN OR EXERCISE CONTROL OVER ESTATE PROPERTY

20. Section 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The Supreme Court has construed the provision narrowly, holding that § 362(a)(3) "prohibits affirmative acts that would disturb the status quo of estate property." *City of Chicago v. Fulton*, 592 U.S. 154 (2021). Serving a document subpoena on a third-party law firm, and litigating the resulting objections before the court that issued the subpoena, disturbs no status quo. Nothing moves. No estate loses possession of anything. The Florida court has ordered production of nothing.

21. *Strumpf* supplies the analytic frame. There the Supreme Court held that the argument before it "rest[ed] on the false premise that petitioner's administrative hold took something from respondent, or exercised dominion over property that belonged to respondent." *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 21 (1995). The Motion rests on the same false premise. A request that a law firm produce a copy of a memorandum, subject to a privilege ruling by the court supervising the discovery, takes nothing from the estate and exercises dominion over nothing.

22. The relief the Motion seeks would also prove far too much. On the Debtors' theory, any discovery request in any litigation anywhere touching a document a debtor once possessed would be a stay violation punishable by sanctions, whether or not the debtor is a party. That is not what § 362(a)(3) says, and it is not what *Fulton* holds.

23. The Debtors' own lead authority points the other way. *In re Commercial Financial Services, Inc.*, 247 B.R. 828 (Bankr. N.D. Okla. 2000), stated that "[n]othing prevents Chase from deposing members of Mayer, Brown & Platt." *Id.* at 855. The same court observed that the decisions treating privileges as passing to management addressed them as "powers," and that those courts "did not analyze Section 541(a), nor did they refer to privileges as property of the estate." *Id.* at 843. That distinction matters, because § 541(b)(1) excludes from the estate "any power that the debtor may exercise solely for the benefit of an entity other than the debtor" — precisely the character of the fiduciary authority Sidell contests in Florida.

## III. THE MEMORANDUM HAS NOT BEEN SHOWN TO BE PROPERTY OF THE ESTATE, AND THAT SHOWING IS THE DEBTORS' BURDEN

24. This Court has already addressed the question the Motion assumes away. In *Faulkner v. Kornman (In re Heritage Organization, L.L.C.)*, 350 B.R. 733 (Bankr. N.D. Tex. 2006), the court held that "the Trustee has the initial burden of proving that the property at issue

is property of the estate under Section 541," and that "[i]f the Documents are not property of the estate, then there exists no basis under Section 542(a) for their turnover." *Id.* at 737–39. The Debtors have not carried that burden, and have not attempted to. The Motion nowhere identifies who requisitioned the memorandum, in what capacity, on whose behalf, for whose benefit, or who paid for it. Those are the very facts Sidell asked the Florida court to require by sworn affidavit.

25. What property interest exists is a question of non-bankruptcy law. "Property interests are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55 (1979). Whether a memorandum prepared by counsel and delivered to a plan fiduciary belongs to the entity, to the fiduciary, or to the plan participants to whom the duty ran is a state-law question, and it is squarely presented on a developed record in the Florida Litigation.

26. Congress also addressed attorney-held documents directly, and not through § 362(a)(3). Section 542(e) provides for turnover of recorded information relating to the debtor's property or financial affairs held by an attorney or accountant, and does so expressly "subject to any applicable privilege." 11 U.S.C. § 542(e). Two consequences follow. First, the Debtors' remedy, if they have one, is an affirmative turnover proceeding in which they carry the burden — not an emergency stay-enforcement motion in which Sidell is presumed to have violated an injunction. Second, the privilege proviso confirms that privilege disputes survive the filing and are resolved on their merits; the Code neither extinguishes them nor transfers them wholesale to the bankruptcy forum.

27. That is dispositive of the request for sanctions even if it were not dispositive of everything else. A party cannot be sanctioned for violating a stay whose applicability depends on an estate-property determination the movant concedes has not been made.

## IV. SECTION 1334(e)(1) DOES NOT CONVERT EVERY PRIVILEGE RULING INTO AN ESTATE-PROPERTY DETERMINATION

28. Section 1334(e)(1) gives the district court "exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e)(1). It is a grant of *in rem* jurisdiction over property. It is not a grant of exclusive jurisdiction over every legal question that might, at some remove, bear on property.

29. The Florida court will decide whether a motion to quash a Florida Rule 1.351 subpoena should be granted. To resolve it, that court may need to determine who the lawyer's client was, whether a fiduciary may assert privilege against the beneficiary of the fiduciary duty, and whether the movants have made the threshold showing their privilege logs lack. None of that adjudicates title to a *res*. None of it transfers, encumbers, or disposes of estate property. A ruling that a privilege may not be asserted against a plan participant is a ruling about the scope of an evidentiary protection.

30. The Motion's own concession forecloses the argument. The Motion states that "[n]either the Debtors' existing management nor any estate representative has waived the privilege," Mot. ¶ 22, and treats the estate-property status of the memorandum as an open question for this Court, Mot. ¶¶ 22, 26. If the question is open, § 1334(e)(1) cannot supply the hook, because the exclusive *in rem* jurisdiction the Debtors invoke attaches to property of the estate — and the Debtors have not established that this document is property of the estate. The Motion asks this Court to assume the conclusion in order to establish the premise.

## V. THE FLORIDA COURT HAS CONCURRENT JURISDICTION TO DETERMINE THE STAY'S APPLICABILITY TO THE MATTER BEFORE IT

31. Even if the Debtors' stay theory had merit, the Florida court is entitled to hear and decide it. As the Fifth Circuit has held:

> The automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding. As we have noted, other district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay.

*Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990).

32. The Debtors have never appeared in the Florida Litigation. Their bankruptcy counsel is not admitted in Florida and has entered no appearance there. Nothing prevented the Debtors from appearing, from moving the Florida court for a determination that the stay applies, or from seeking a continuance of the August 25 hearing and making these arguments to that court, which is fully competent to decide whether the stay reaches a motion filed by a non-debtor co-defendant in a case from which the debtor was dismissed. Instead they came to this Court, the evening before, seeking an injunction against a coordinate court's calendar. *Picco* answers that request.

## VI. THE DEBTORS' OWN AUTHORITY SHOWS WHY THE FLORIDA HEARING SHOULD PROCEED

33. The Motion relies on *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343 (1985), for the proposition that "[u]pon the commencement of the bankruptcy case, control of the privilege passed to the debtor in possession." Mot. ¶ 22. Sidell agrees with the Debtors' statement of *Weintraub* and asks the Court to apply it.

34. *Weintraub* holds that "when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well," and

that "[d]isplaced managers may not assert the privilege over the wishes of current managers." 471 U.S. at 348–49. The Court added: "It follows that Andrew McGhee, who is now neither an officer nor a director, retains no control over the corporation's privilege." *Id.* at 349 n.5.

35. Mr. Pasko is neither an officer nor a manager of 777. He resigned from management in May 2024. He is nonetheless the party pressing the Motion to Quash in Florida, through counsel appearing for him. On the Debtors' own reading of *Weintraub*, he "retains no control over the corporation's privilege" and "may not assert the privilege over the wishes of current managers." *Id.* at 348–49 & n.5.

36. That is the practical answer to this Motion. If the Debtors believe 777's privilege is theirs to assert, the remedy is for the debtor in possession to appear in the Florida Litigation and assert it, where the Florida court can evaluate it against the fiduciary, necessity, and crime-fraud exceptions Sidell has raised. What the Debtors may not do is invoke the debtor in possession's exclusive control of the privilege in this Court while a displaced manager exercises that same control in Florida. The August 25 hearing is the forum in which that contradiction is resolved, not the thing that must be enjoined to preserve it.

## VII. THERE IS NO WILLFUL VIOLATION AND NO BASIS FOR SANCTIONS

37. The Debtors seek relief under 11 U.S.C. §§ 105(a) and 362(k). Sidell had, and has, an objectively reasonable basis for every step he has taken: 777 was dismissed from the Florida Litigation before any petition was filed; the subpoena was directed to a non-debtor law firm; the only remaining defendant is a non-debtor; the Motion to Quash was filed by that non-debtor as well as by 777; and the estate-property status of the document is, by the Debtors' own account, undetermined. On the Debtors' theory, Sidell was obliged to divine that a document he

has never seen is property of the estate, and to abandon a hearing on a motion filed against him by a non-debtor.

38. The procedural posture underscores the point. These chapter 11 cases were commenced on August 9, 2026. The Motion to Quash was filed by 777's own counsel on May 8, 2026, and the August 25 hearing was noticed by that same counsel months before any petition was filed. The Debtors' counsel raised these contentions on Friday, August 21. The Debtors filed nothing for three days, then filed at 5:53 p.m. on August 24 demanding relief by noon on August 25. An emergency that a movant creates by its own delay is not a basis for sanctioning the party given eighteen hours to answer it. Should the Court be inclined to consider any relief, the appropriate course is to deny the Motion, or at minimum to defer it, permit the Florida court to rule on the Motion to Quash in the first instance under *Picco*, and require the Debtors — if they wish to press an estate-property claim — to do so through a properly noticed proceeding in which they carry the burden *Heritage Organization* assigns them.

## <u>RESERVATION OF RIGHTS</u>

39. Sidell reserves all rights, claims, defenses, and remedies, including all rights with respect to the Debtors' cases, the Florida Litigation, and any proceeding concerning the memorandum or the privilege asserted over it. Nothing herein shall be construed as a waiver of any argument, objection, or exception available to Sidell in the Florida Litigation, including the fiduciary, necessity, and crime-fraud exceptions and the waiver arising from the defendants' failure to serve a timely written objection under Fla. R. Civ. P. 1.351. Sidell does not consent to the entry of final orders or judgments by this Court to the extent it is determined that this Court, absent the consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Sidell reserves the right to supplement or amend this Objection,

including in light of any reply, evidence, or argument offered by the Debtors, and to be heard at any hearing on the Motion.

## CONCLUSION

40. For the reasons stated above, Sidell respectfully requests that the Court deny the Motion in its entirety; determine that the automatic stay does not bar the August 25, 2026 hearing in the Florida Litigation, in which the sole remaining defendant is a non-debtor and the subpoena recipient is a non-debtor; determine that no sanctions or other relief under 11 U.S.C. §§ 105(a) or 362(k) is warranted; and grant Sidell such other and further relief as is just.

Dated: August 24, 2026

Respectfully submitted,

*By: /s/ Peter C. D'Apice*
Peter C. D'Apice
Texas Bar No. 05377783
dapice@sbep-law.com
Stutzman, Bromberg, Esserman & Plifka, P.C.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201-2689
Tel.: (214) 969-4900

Tulio D. Chirinos, Esq. (pro hac vice pending)
Florida Bar No. 1022468
tchirinos@chirinoslawfirm.com
Chirinos Law Firm PLLC
20283 State Road 7
Boca Raton, Florida 33498
Tel.: (561) 299-6334

*Counsel for Scott Sidell*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 24, 2026, I caused a true and correct copy of the foregoing to be served via the Court's CM/ECF system upon all parties registered to receive electronic notice in these cases, and via electronic mail upon the following:

Jason S. Brookner
Texas Bar No. 24033684
Amber M. Carson
Texas Bar No. 24075610
Blake M. Bryan
Texas Bar No. 24140152
1845 Woodall Rodgers Fwy, Suite 1300
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: jbrookner@grayreed.com
acarson@grayreed.com
bbryan@grayreed.com
***Proposed Counsel to the Debtors***
***and Debtors in Possession***

Tulio D. Chirinos
CHIRINOS LAW FIRM PLLC
20283 State Road 7, Suite 592
Boca Raton, FL 33498
Tel: (561) 299-6334
tchirinos@chirinoslawfirm.com
***Counsel to Plaintiff Scott Sidell***

Leonor M. Lagomasino
GORDON REES SCULLY MANSUKHANI,
LLP
100 SE Second Street, Suite 3900
Miami, FL 33131
Tel: (305) 428-5330
llagomasino@grsm.com
***Counsel to State Court***
***Defendants 777 and Steven Pasko***

Andrew K. Glenn
GLENN AGRE BERGMAN & FUENTES
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036

Tel: (212) 970-1601
aglenn@glennagre.com
***Counsel to the Vida Parties***

Matthew C. Ziegler
Michael H. Carpenter
MORGAN LEWIS
2222 Market Street
Philadelphia, PA 191103
Tel: (215) 963-5000
matthew.ziegler@morganlewis.com
michael.carpenter@morganlewis.com
***Counsel to ING***

Susan Hersh
Office of the U.S. Trustee
1100 Commerce St., Room 976
Dallas, TX 75242
Tel: (214) 767-8967
susan.hersh@usdoj.gov
***U.S. Trustee for the Northern District of Texas, Region 6***

*/s/ Peter C. D'Apice*
Peter C. D'Apice