CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 26, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SIGNAL NATIONAL LLC, *et al.*, [1] | § | Case No. 26-90190 (ELM) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**ORDER GRANTING, IN PART,**
**DEBTORS' EMERGENCY MOTION TO**
**(I) ENFORCE THE AUTOMATIC STAY,**
**(II) DETERMINE THAT THE BANKRUPTCY COURT HAS**
**EXCLUSIVE JURISDICTION OVER PROPERTY OF THE**
**ESTATE DETERMINATIONS, AND (III) GRANT RELATED RELIEF**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) enforcing the automatic stay imposed by section 362(a) of the Bankruptcy Code, (b) determining that the Bankruptcy Court has

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/SignalNational. The Debtors' address for service in these chapter 11 cases is 3500 Maple Ave, Suite 420, Dallas, Texas 75219.

exclusive jurisdiction over property-of-the-estate determinations pursuant to 28 U.S.C. § 1334(e)(1), and (c) granting related relief, all as more fully set forth in the Motion [Docket No. 169]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, the objection thereto at Docket No. 170 and the Reply thereon at Docket No. 172; and upon the hearing on the Motion conducted on August 25, 2026 (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and the record of the hearing on such Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. For the reasons stated on the record at the Hearing, the Motion is granted, in part, as set forth herein.

2. The automatic stay under 11 U.S.C. § 362(a) is in full force and effect with respect to the Debtors and property of the Debtors' estates.

3. As a result of the automatic stay, plaintiffs in the Florida Litigation are enjoined from taking any action in the state court (i) to pursue issuance of a subpoena, to the extent the same seeks information or documents the Debtors contend are subject to the Debtors' attorney-client privilege or (ii) relating to ownership, or the applicability, of any exceptions to the Debtors'

attorney-client privilege.

4. All of the Debtors' rights are reserved with respect to any issues relating to contempt or the imposition of sanctions for any alleged stay violations.

5. All of the plaintiff's rights are reserved to seek relief from the automatic stay.

6. As stated on the record at the Hearing, the Court's ruling was immediately enforceable at the conclusion of the hearing, and remains enforceable and shall not be stayed.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

<u>Submitted by:</u>

Jason S. Brookner (TX Bar No. 24033684)
Amber M. Carson (TX Bar No. 24075610)
Blake M. Bryan (TX Bar No. 24140152)
**GRAY REED**
1845 Woodall Rodgers Fwy, Suite 1300
Dallas, TX 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: jbrookner@grayreed.com
acarson@grayreed.com
bbryan@grayreed.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*