**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 |
| | § | |
| SIGNAL NATIONAL LLC, *et al.*,[1] | § | Case No. 26-90190 (ELM) |
| | § | |
| Debtors. | § | |
| | § | |

**JOINDER OF JOSHUA WANDER IN PALOMAR EXCESS AND SURPLUS INSURANCE COMPANY'S EMERGENCY MOTION FOR RELIEF FROM STAY AUTHORIZING THE USE OF PROCEEDS OF DIRECTORS AND OFFICERS LIABILITY INSURANCE POLICY FOR DEFENSE COSTS [ECF NO. 230]**

Joshua Wander, by and through his undersigned counsel, respectfully submits this joinder (this "***Joinder***") in the *Emergency Motion for Relief from Stay Authorizing the Use of Proceeds of Directors and Officers Liability Insurance Policy for Defense Costs* [Docket No. 230] (the "***Motion***"), filed by Palomar Excess and Surplus Insurance Company ("***Palomar***" or the "***Movant***"). In support of this Joinder, Mr. Wander states as follows.

## PRELIMINARY STATEMENT[2]

Mr. Wander joins the Motion and the relief it seeks. He does not repeat Palomar's legal arguments here; Palomar has made them, and Mr. Wander adopts them by reference. He writes separately to make two points specific to his own position.

First, the arrangement the Motion asks this Court to approve, using the Palomar excess layer to pay the Individual Insureds' outstanding defense costs once the layer beneath it is exhausted, is not new. Debtor 777 Partners, LLC ("***777 Partners***") already accepted that same

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/SignalNational. The Debtors' address for service in these chapter 11 cases is 3500 Maple Ave., Suite 420, Dallas, Texas 75219.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion [ECF No. 230].

sequence of payment before the petition date, in a prepetition resolution to which Mr. Wander and the other Individual Insureds were also parties.

Second, the timing of this Court's ruling weighs differently for Mr. Wander than for the estate. Mr. Wander begins what is expected to be a three-week criminal trial on October 19, 2026, in *United States of America v. Joshua Wander*, No. 1:25-cr-00473 (S.D.N.Y.) – a case the Motion itself lists as part of the underlying Litigation. Every week of delay in accessing Defense Costs is and has been and will be increasingly prejudicial to Mr. Wander and his defense team.

For these reasons, and for the reasons already before the Court in the Motion, the Court should grant the relief the Motion requests.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. Mr. Wander is a former officer and/or director of one or more of the Debtors and is an "Insured Person" and an "Insured" under the D&O Policy described in the Motion. Motion ¶ 6.

3. Mr. Wander is a defendant in several of the actions the Motion identifies as the "Litigation," including *SEC v. Wander, et al.*, No. 1:25-cv-08565 (S.D.N.Y.), and *United States v. Joshua Wander*, No. 1:25-cr-00473 (S.D.N.Y.). Motion ¶ 5(k)–(l).

4. Under the Payment Priority provision of the D&O Policy, the advancement of Defense Costs and indemnity payments to the Individual Insureds, including Mr. Wander, takes priority over any payment to the Debtors. Motion ¶¶ 8–12.

## JOINDER

5. Mr. Wander joins the Motion and asks the Court to enter an order authorizing

Palomar to advance Defense Costs under the D&O Policy on behalf of the Individual Insureds, including Mr. Wander, on the terms the Motion requests.

## ARGUMENT

### I. 777 Partners Already Agreed, Prior to the Petition Date, to use the Palomar Layer to Pay the Individual Insured's Defense Costs.

6. The Motion asks the Court to authorize the very payment sequence that 777 Partners already agreed to before the petition date.

7. Before the Debtors filed these cases, among others, 777 Partners and the Individual Insureds, including Mr. Wander, resolved a coverage dispute over defense-cost funding under the insurance layer directly beneath Palomar's. That resolution is set out in a written agreement that contains its own confidentiality provision, and Mr. Wander does not quote or otherwise disclose its specific terms in this public filing. Mr. Wander is prepared to make that agreement available to the Court for in camera or under-seal review, consistent with its confidentiality provision and Federal Rule of Bankruptcy Procedure 9018, if that would assist the Court.

8. It is enough, for present purposes, to note that the resolution 777 Partners accepted follows the same sequence of payment the Motion asks this Court to approve: once the insurance layer beneath Palomar is exhausted, the Individual Insureds look to the Palomar layer for any remaining balance on their defense-cost invoices.

9. 777 Partners is not a stranger to this arrangement. It accepted that sequence of payment, and the benefit of the resolution that fixed it, before the Debtors filed these cases. Importantly, 777 Partners and its counsel also agreed they would seek no further payment from the Palomar layer for themselves. That commitment forecloses any competing claim by the Debtors on the very proceeds the Motion asks this Court to release.

10. Whatever position the Debtors now take on the Motion, they cannot credibly treat

the use of the Palomar layer to pay outstanding Individual Insured defense costs as some novel or unanticipated use of insurance proceeds. It is the bargain 777 Partners itself struck.

II. **Mr. Wander's Need for Defense Costs is Immediate and Real**.

11. The Motion already shows cause to modify the stay, if the stay applies at all, because the Individual Insureds will suffer substantial and irreparable harm without access to Defense Costs. Motion ¶¶ 20–23 (citing *In re Allied Digital Techs. Corp.*, 306 B.R. 505, 514 (D. Del. 2004); *In re Beach First Nat'l Bancshares, Inc.*, 451 B.R. 406, 411 (Bankr. D.S.C. 2011); *In re MF Glob. Holdings, Ltd.*, 469 B.R. 177, 193 (Bankr. S.D.N.Y. 2012)).

12. For Mr. Wander, that harm is not abstract. He is scheduled to stand trial in *United States v. Joshua Wander*, No. 1:25-cr-00473 (S.D.N.Y.), on **October 19, 2026**. Defense Costs advanced under the D&O Policy are funding trial preparation happening now, in the weeks immediately ahead of that date. A delay in this Court's ruling is not a delay Mr. Wander can make up later. Moreover, any delay, or potential that such Defense Costs will not be paid as previously agreed, negatively prejudice Mr. Wander.

13. Courts have found cause to lift the stay on less urgent facts than these. In *In re MF Glob. Holdings, Ltd*., the individual insureds' "present need for payment of their defense costs" outweighed the debtors' "hypothetical or speculative need for coverage," and the court held that pending lawsuits and investigations "provide no basis for denying the Individual Insureds insurance protection." 469 B.R. at 192-93. In *In re Celsius Network LLC*, arising against individual insureds under criminal and regulatory investigation, the court called the policy's payment-priority provision "critical" and held that enforcing the stay would "effectively rewrite" it. 652 B.R. 34, 43–45 (Bankr. S.D.N.Y. 2023).

14. The harm here is sharper still. Mr. Wander cannot simply substitute new counsel

three weeks before a three-week trial.

**RESERVATION OF RIGHTS**

15. Mr. Wander reserves all rights, including any positions regarding the conduct of other Individual Insureds and any future claims, investigations, or proceedings, including those commenced or asserted by the Debtors. Mr. Wander reserves the right to supplement or amend this Joinder at any time and to raise further arguments with respect to the Motion or this Joinder or any other joinder filed to the Motion, at any hearing on the Motion.

**NO PRIOR REQUEST**

16. No previous request for the relief sought in this Joinder has been made to this or any other court.

**NOTICE**

17. Notice of this Joinder will be served on any party entitled to notice under Bankruptcy Rules 2002 and 4001 and any other party entitled to notice under the Bankruptcy Local Rules for the Northern District of Texas.

**CONCLUSION**

WHEREFORE, Joshua Wander respectfully requests that the Court grant the Motion and enter an order authorizing Palomar to advance Defense Costs under the D&O Policy for the benefit of the Individual Insureds, including Mr. Wander, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this the 23rd day of September 2026.

*/s/Patrick J. Schurr*
Patrick J. Schurr
Texas Bar No. 17853530
patrick.schurr@solidcounsel.com
SCHEEF & STONE, L.L.P.
2600 Network Blvd., Suite 400
Frisco, TX 75034
Telephone: 214.472.2100
Telecopier: 214.472.2150

*-and-*

James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363

*Attorneys for Joshua Wander*

## CERTIFICATE OF SERVICE

I certify that on September 23, 2026, I caused a copy of the foregoing document to be served on counsel for the Debtors and all parties requesting notice herein by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/Patrick J. Schurr*